Antonio MARINO, et al.

v.

The SPORTS AUTHORITY, Brook–Crompton Co., Roadmaster Corp., and General Electric Co.

Civil No. 95–7517.

United States District Court, E.D. Pennsylvania.

Sept. 20, 1996.

Ronald J. Smolow, Trevose, PA, for plaintiffs.

Robert Douglas Billet, Philadelphia, PA, for Sports Authority and Roadmaster.

Mary Catherine Roper, Drinker, Biddle & Reath, Philadelphia, PA, for General Electric.

Norris D. Wolff, Kleinberg, Kaplan, Wolff & Cohen, P.C., New York City, Richard D. Director, Matzkin & Director, Allentown, PA, for Brook–Crompton Company.

### MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Presently before the court is Plaintiffs' motion, pursuant to Rule 23 of the Federal Rules for Civil Procedure, for certification of

two nation-wide classes of consumers who owned or purchased "Vitamaster" exercise treadmills since October 1994, which treadmills allegedly contain motors which overheat and catch fire. The Plaintiffs' first proposed class action seeks refunds for all class members under state law breach of warranty and violations of state consumer protection laws. The second proposed class action consists of all consumers alleging Rest.2d Tort § 402A and common-law negligence claims for personal injury and/or property damage as a result of their Vitamaster Treadmills overheating and catching fire.

The representative Plaintiffs in this case are the Marino family. According to their complaint, the Marinos purchased on December 17, 1994 a Vitamaster Treadmill from Defendant The Sports Authority, a retail sporting goods chain. The treadmill was manufactured by Defendant Roadmaster Corporation and contained a motor manufactured by Defendant Brook–Crompton and supplied to Roadmaster by Defendant General Electric Company. On February 13, 1995, one of the Marino children, Teresa, used the treadmill. The treadmill overheated and caught fire, allegedly causing fire and smoke damage to the Marino's home and causing personal injuries to Teresa Marino.

The Plaintiffs commenced this action in the Court of Common Pleas of Philadelphia County on October 31, 1995. Alleging diversity jurisdiction under 28 U.S.C. § 1332, the Defendants removed the case to federal court on December 1, 1995, pursuant to 28 U.S.C. § 1441. The court held a pretrial conference on January 26, 1996 at which time the court ordered that discovery concerning the issue of class certification shall be completed by April 29, 1996. The court also ordered the parties to submit briefs concerning the issue of class certification following the close of the discovery period. Pursuant to the parties' request, the court on April 30, 1996 extended the discovery period to May 31, 1996. The court on June 6, 1996 held a pretrial conference concerning several discovery motions filed by the Plaintiffs. At this conference, the parties agreed to submit to the court a proposed schedule amending the time for discovery and for submitting briefs. The

parties, however, failed to submit a proposed discovery and briefing schedule. Accordingly, on June 14, 1996 the Plaintiffs filed their brief in support of class certification. At the Defendants' request, the court on June 19, 1996 extended for a third time the discovery period to July 31, 1996 and set forth a briefing order requiring the Defendants to file their briefs by August 16, 1996. In accordance with the order, the Defendants filed on August 16, 1996 their briefs in opposition to class certification. The Plaintiffs filed their reply brief to the Defendants' briefs on September 19, 1996.

I. Plaintiffs' proposed nation-wide class of consumers seeking refunds based on state law breach of warranty and violations of state consumer protection laws.

The representative Plaintiffs seek certification of the following nation-wide class of consumers seeking refunds based on state law breach of warranty and violations of. state consumer protection laws:

All individuals and entities, other than defendants and defendants' subsidiaries and parents, who owned or purchased a Vitamaster Power 1700 Treadmill since October, 1994.

As heretofore pointed out, the Plaintiffs commenced this action in the Court of Common Pleas of Philadelphia County on October 31, 1995. Alleging diversity jurisdiction under 28 U.S.C. § 1332, the Defendants removed the case to federal court on December 1, 1995.

The court is mindful that, "federal courts are courts of limited jurisdiction, and as such are under a continuing duty to satisfy themselves of their jurisdiction before proceeding to the merits of any case." *Packard v. Provident National Bank*, 994 F.2d 1039, 1049 (3d Cir.1993), *cert. denied sub nom., Upp v. Mellon Bank, N.A.*, 510 U.S. 964, 114 S.Ct. 440, 126 L.Ed.2d 373 (1993). A district court may determine *sua sponte* whether its subject matter jurisdiction has been properly invoked. 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3739 (1985). The court has determined *sua sponte* that it lacks di-

versity jurisdiction over the proposed class of consumers seeking refunds based on state law, as it appears to a legal certainty that each proposed class member cannot satisfy the $50,000 amount in controversy requirement of 28 U.S.C. § 1332.

■ The federal diversity jurisdiction statute requires that the amount in controversy be in excess of $50,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). With regard to a class-action based on § 1332 diversity jurisdiction, Judge Nygaard stated in *Packard v. Provident National Bank:*

> It is well-settled that in a diversity-based class action, members of the class may not aggregate their claims in order to reach the requisite amount in controversy. *Snyder [v. Harris]*, 394 U.S. 332, 89 S.Ct. 1053[, 22 L.Ed.2d 319 (1969)] *passim.* The Supreme Court has also held that *each* member of the class must claim at least the jurisdictional amount. *Zahn v. International Paper Co.,* 414 U.S. 291, 301, 94 S.Ct. 505, 512, 38 L.Ed.2d 511 (1973).

994 F.2d at 1045.

■ The United States Supreme Court in *St. Paul Mercury Indemnity Co. v. Red Cab Co.* provided the standard for dismissing a case for lack of diversity jurisdiction on the ground that a plaintiff cannot satisfy the jurisdictional amount in controversy requirement:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that ... the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.

303 U.S. 283, 288–89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938).

In their complaint and in their brief in support of class certification, the Plaintiffs contend that each consumer, comprising the proposed class, is entitled to a refund of the purchase price of their Vitamaster Treadmill, plus incidental and consequential damages, if any. The Plaintiffs base their refund claims on state law breach of warranty and violations of state consumer protection laws. The

Plaintiffs do not seek punitive damages under their class action claims for refunds. The purchase price of a Vitamaster Treadmill was approximately $500 and, thus, the damages which the representative Plaintiffs seek for each member of the proposed nation-wide class is approximately $500, depending on price differences in various retail stores. As to Plaintiffs' claims for incidental and consequential damages, such as injury to person or property resulting from any breach of warranty, the court will consider such claims hereinafter in connection with the court's discussion of the Plaintiffs' proposed class alleging § 402A and common-law negligence claims for personal injury and/or property damage as a result of their Vitamaster Treadmills overheating and catching fire.

The measure of damages under either the theory of breach of warranty or violations of consumer protection laws demonstrates to a legal certainty that no individual consumer in the proposed class can satisfy the $50,000 amount in controversy requirement. For example, the damages provision for breach of warranty under the Uniform Commercial Code provides for recovery in the amount of the difference in the value of the goods as is and as warranted. *See* 13 Pa.C.S.A. § 2714 (adopting UCC § 2–714). "In construing this section, leading commentators on the Uniform Commercial Code have indicated that a useful objective measure of the difference in the value of the goods as is and as warranted is the cost of repair or replacement of the goods." *Cober v. Corle,* 416 Pa.Super. 191, 610 A.2d 1036, 1041 (1992) (citing White, J. and Summers, R., *Uniform Commercial Code,* 3d ed., at 503 (1988)).

Likewise, the amount of damages recoverable under state consumer protection laws fails to satisfy the $50,000 amount in controversy requirement, despite the possibility of treble damages. For example, the damages provision of Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 Pa.S.A. § 201–1 *et seq.,* provides that a person who suffers a loss of money or property as a result of an unlawful trade practice:

may bring a private action, to recover actual damages sustained or one hundred dollars ($100), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper. 73 Pa.C.S.A. § 201–9.2. As heretofore pointed out, the representative Plaintiffs seek refunds as the measure of damages for the consumer class. Even if the court exercised it discretion to award treble damages, as permitted under Pennsylvania law, the individual consumers may only recover three times the value of the treadmill they purchased or three times the cost of repairing their treadmill.

Accordingly, the court finds to a legal certainty that each consumer's claim for damages—refunds—in the proposed nation-wide class action fails to satisfy the $50,000 amount in controversy requirement of 28 U.S.C. § 1332. The court, therefore, lacks diversity jurisdiction over the Plaintiffs' proposed nation-wide class action seeking refunds based on state law breach of warranty and violations of state consumer protection laws and consisting of:

> All individuals and entities, other than defendants and defendants' subsidiaries and parents, who owned or purchased a Vitamaster Power 1700 Treadmill since October 24, 1994.

Furthermore, in the event that it is contended that the court has supplemental jurisdiction over the Plaintiffs' proposed nation-wide class of consumers seeking refunds on the ground that the Plaintiffs are also seeking, based on § 402A and common-law negligence, certification of a nation-wide class of consumers who suffered personal injury and/or property damage, the court would decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c). The proposed nation-wide class of consumers seeking refunds based on state law breach of warranty and violations of state consumer protection laws would be considerably larger in number than the proposed class of consumers who suffered personal injury and/or property damage under § 402A and common-law neg-

ligence as a result of their Vitamaster Treadmills overheating and catching fire. The evidence presented to the court, as discussed hereinafter, indicates that the proposed class suffering personal injury and/or property damage consists of only three consumers. Moreover, the proposed class action for refunds presents the court with the problem of applying to the class the variations and differences in each of the fifty state's breach of warranty and consumer protection laws.

Accordingly, for the reasons stated herein, the court lacks jurisdiction over Plaintiffs' proposed nation-wide class action seeking refunds based on state law breach of warranty and violations of state consumer protection laws. The court will remand to state court the representative Plaintiffs' complaint, insofar as it alleges class action claims for refunds based on state law breach of warranty and violations of state consumer protection laws.

II. Plaintiffs' proposed class of consumers alleging § 402A and common-law negligence claims for personal injury and/or property damage as a result of their Vitamaster Treadmill overheating and catching fire.

■■■ The representative Plaintiffs, alleging claims under § 402A and common-law negligence, seek certification of a second nation-wide class of consumers—those consumers who owned or purchased a Vitamaster Treadmill since October 1994 and "who [have] sustained personal injury or property damage due to fire, heat or smoke caused by the Vitamaster Treadmill." In their June 14, 1996 brief, the Plaintiffs admitted that they were unable to show that the number of consumers who have suffered personal injury and/or property damage is sufficient to satisfy Rule 23(a)'s requirement of "numerosity." Subsection (a) of Rule 23 provides:

> (a) **Prerequisites to a Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable. . . .

As stated by Chief Judge Sloviter in *Gurmankin v. Costanzo,* 626 F.2d 1132, 1135 (3d

Cir.1980), "the district court is free to exercise its discretion against certification of a class if it finds the number of persons who have been affected in the past or may be affected in the future is too few to warrant class treatment."

The Plaintiffs in their June 14, 1996 supplemental brief in support of class certification requested the court to defer ruling on the issue of class certification of the proposed nation-wide class of consumers alleging claims for personal injury and/or property damage as a result of their Vitamaster Treadmills overheating and catching fire. Later, in their September 11, 1996 reply brief, the Plaintiffs again stated that they were not asking the court to certify their proposed nation-wide class of consumers who suffered personal injury and/or property damage.

As heretofore pointed out, the Plaintiffs have been permitted six months to conduct discovery concerning the issue of class certification. The court will at this time determine whether it should certify a nation-wide class of consumers alleging § 402A and common-law negligence claims for personal injury and/or property damage resulting from their Vitamaster Treadmills overheating and catching fire. As Rule 23(c)(1) mandates, the determination whether a class action is to be maintained shall be determined, "[a]s soon as practicable after the commencement of an action brought as a class action." Fed. R.Civ.P. 23(c)(1). At this time, the court will deny certification of Plaintiffs' proposed class alleging § 402A and common-law negligence claims for personal injury and/or property damage as a result of their Vitamaster Treadmills overheating and catching fire on the ground that the number of persons who suffered personal injury and/or property damage is too few to warrant class treatment.

In making the determination that the number of persons in the proposed class is too few to warrant certification, the court has considered the affidavit of Charles Sanders, the Executive Vice President of Administration for Defendant Roadmaster Corporation, who states that only fifteen consumers sought compensation for damages allegedly caused by Vitamaster Treadmills which overheated and caught fire, and of those fifteen claims, twelve claims have been settled and paid by Roadmaster. Accordingly, there appears to exist only two members of the proposed class, in addition to the Marinos, who have not settled their claims for personal injury and/or property damage resulting from their Vitamaster Treadmills overheating and catching fire. The court finds that the Plaintiffs' have failed to meet Rule 23(a)'s "numerosity" requirement. As stated in 7A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1762 (1986), "[t]he question of what constitutes impracticability (occasionally referred to by the courts as 'numerosity') depends on the particular facts of each case and no arbitrary rules regarding the size of the classes have been established by the courts." The same treatise, however, also points out that "[a]lthough there is no definite standard as to what size class satisfies Rule 23(a)(1) ... [c]lasses containing two, three, four, five, six, seven, eight, nine, ten, eleven, twelve, fourteen, sixteen, eighteen, twenty, and twenty-one to twenty-six members have been held to be too small to allow an action to be maintained under Rule 23." *Id.* Accordingly, in view of the evidence presented to the court that there exists only two class members, in addition to the Marinos, who have suffered personal injury and/or property damage as a result of their treadmills overheating and catching fire, the court has determined that the number of persons who have suffered personal injury and/or property damage is too few to warrant class treatment.

■ It is clear, however, that the court has diversity jurisdiction over the Marino's individual § 402A and common-law negligence claims for personal injury and/or property damage pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between the parties and the Marinos allege in their complaint that they suffered personal injury and property damage in excess of $50,000.

Accordingly, for the reasons stated herein, the court will remand to state court the Plaintiffs' complaint, insofar as it alleges class action claims for refunds based on state

law breach of warranty and violations of state consumer protection laws on the ground that the court lacks diversity jurisdiction since it appears to a legal certainty that each class member's claim for damages fails to satisfy the $50,000 amount in controversy requirement of 28 U.S.C. § 1332. The Plaintiffs' complaint in this federal court action shall be considered as having been amended by striking therefrom the class action claims for refunds based on state law breach of warranty and violations of state consumer protection laws. Moreover, the court will deny Plaintiffs' motion for certification of a class action alleging § 402A and common-law negligence claims for personal injury and/or property damage on the ground that the number of persons who have suffered personal injury and/or property damage as a result of their treadmills overheating and catching fire is too few to warrant class certification.

### ORDER

AND NOW, this 20th day of September 1996; for the reasons stated in this court's memorandum of September 20, 1996;

IT IS ORDERED: Plaintiffs' complaint, insofar as it alleges class action claims for refunds based on state law breach of warranty and violations of state consumer protection laws, is *remanded* pursuant to 28 U.S.C. § 1447(c) to the Court of Common Pleas of Philadelphia County on the ground that the court lacks subject matter jurisdiction since it appears to a legal certainty that each class member's claim for damages fails to satisfy the $50,000 amount in controversy requirement of 28 U.S.C. § 1332; the Clerk of this Court shall mail a certified copy of this Order of Remand to the Clerk of the Court of Common Pleas of Philadelphia County; The Plaintiffs' complaint in this federal court action shall be considered as having been amended by striking therefrom the class action claims for refunds based on state law breach of warranty and violations of state consumer protection laws;

IT IS FURTHER ORDERED: Plaintiffs' January 26, 1996 motion for certification of a nation-wide class of consumers alleging § 402A and common-law negligence claims

for personal injury and/or property damage is *denied* on the ground that the number of persons who have suffered personal injury and/or property damage as a result of their treadmills overheating and catching fire is too few to warrant class certification.